**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD KLUDKA, | No. 10-16035 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-01806-DGC |
| v. | |
| QWEST DISABILITY PLAN; QWEST COMMUNICATIONS INTERNATIONAL INC.; QWEST COMMUNICATIONS INTERNATIONAL INC. HEALTH INSURANCE PLAN; QWEST EMPLOYEE BENEFITS PLANS, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Argued and Submitted May 10, 2011
San Francisco, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before:    D.W. NELSON and W. FLETCHER, Circuit Judges, and
           DUFFY, District Judge.[**]

Petitioner Richard Kludka appeals the district court's order denying his summary judgment motion, and granting Defendants' summary judgment motion, regarding his long-term disability benefits under the Qwest Disability Plan ("Plan"). Qwest Communications International, Inc., ("Qwest") funds the Plan but has delegated administrative responsibilities to Qwest Disability Services ("QDS"). On appeal, Kludka argues that the district court chose the wrong standard of review and that QDS abused its discretion when it denied his long-term disability benefits. We conclude that procedural irregularities committed by QDS, combined with an erroneous factual finding, warrant remand for the district court to reconsider whether QDS abused its discretion when it denied Kludka's claim for disability benefits.

We review a district court's grant of summary judgment *de novo*. *Nolan v. Heald College*, 551 F.3d 1148, 1153 (9th Cir. 2009). In ERISA cases, we also review a district court's chosen standard of review *de novo*. *Id.* In the absence of a conflict of interest, judicial review of a plan administrator's benefits determination involves a "straightforward application" of the abuse of discretion standard.

[**]    The Honorable Kevin Thomas Duffy, District Judge for the U.S. District Court for Southern New York, New York, sitting by designation.

2

*Montour v. Hartford Life & Acc. Ins. Co.*, 588 F.3d 623, 629 (9th Cir. 2009). We need not resolve whether Qwest's complete delegation of administrative duties to QDS frees it from a structural conflict because we conclude that remand is proper even under a traditional abuse of discretion standard.

QDS committed two procedural errors when it denied Kludka's claim. First, it failed to comply with 29 C.F.R. § 2560.503-1(g)(1)(iii), which requires that it describe "any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary." QDS's generic reproduction of the Plan's terms in its denial letter did not explain to Kludka what specific information was needed and why. Second, although QDS had notice that Kludka was receiving Social Security benefits, it failed to request the relevant records or "explain why it reached a different conclusion than" the Social Security Administration. *Montour*, 588 F.3d at 637.

In February 2007, QDS notified Kludka by letter that it denied his claim based on its conclusion that he was not disabled within the meaning of the Plan. Under the Plan, an employee is disabled if he is "unable to engage" in employment that pays 60% or more of his prior salary. Relying on an assertion by the Plan in its motion for summary judgment, the district court misread the QDS denial letter. The district court concluded that "Kludka would be reinstated to his previous

3

employment position with accommodations." This conclusion is erroneous. At oral argument on appeal, the Plan conceded that Qwest, Kludka's previous employer, has not offered to reinstate him in his prior position. Instead, Kludka will have to search for a job on the open market.

The only reviewing doctor who conducted a personal interview with Kludka, Dr. Robert Bevan, concluded that he "could work two hours daily" and "presumably increase his hours back to full-time." Dr. Bevan recommended a timetable that would restrict Kludka to "two hours of work daily for one month, four hours daily for one month, and then full time without restrictions."

Based on these conditions, Kludka would have to convince a prospective employer to hire him on a part-time, gradually escalating basis, even while knowing that he had received disability benefits for severe psychological problems since 1999. If the district court had analyzed Kludka's situation under these conditions, instead of under the assumption that Kludka had a standing offer to return to his previous job with accommodations, the court may well have determined that he is "unable to engage" in meaningful employment and is thus disabled under the terms of the Plan.

Accordingly, we remand for the district court to reevaluate whether QDS abused its discretion, in light of the procedural irregularities and the fact that Qwest had not offered to reinstate Kludka in his previous job with accommodations.

**REVERSED and REMANDED.**