**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD KLUDKA, | No. 12-16354 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-01806-DGC |
| v. | |
| QWEST DISABILITY PLAN; QWEST COMMUNICATIONS INTERNATIONAL INC.; QWEST COMMUNICATIONS INTERNATIONAL INC. HEALTH INSURANCE PLAN; QWEST EMPLOYEE BENEFITS PLANS, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Argued and Submitted June 12, 2014
San Francisco, California

Before: SCHROEDER, GRABER, and BYBEE, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Richard Kludka appeals the district court's grant of summary judgment, on remand from this court, *Kludka v. Qwest Disability Plan*, 454 F. App'x 611 (9th Cir. 2011) (unpublished), in his Employee Retirement Income Security Act ("ERISA") action challenging Qwest Disability Services' ("QDS") termination of his long-term disability benefits under the Qwest Disability Plan ("the Plan"). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

We review *de novo* the district court's grant of a motion for summary judgment and the "district court's choice and application of the standard of review to decisions by fiduciaries in ERISA cases." *Nolan v. Heald Coll.*, 551 F.3d 1148, 1153 (9th Cir. 2009) (internal quotation marks and citation omitted). We review the district court's decision to exclude extrinsic evidence for abuse of discretion. *Muniz v. Amec Constr. Mgmt., Inc.*, 623 F.3d 1290, 1294 (9th Cir. 2010).

Here, the district court did not err in concluding that QDS, the third-party administrator of the Plan, did not abuse its discretion in terminating Kludka's long-term disability benefits. Although QDS committed two procedural errors—failing to specify what documents Kludka could submit to perfect his claim under 29 C.F.R. § 2560.503-1(g)(1)(iii) and failing to investigate whether Kludka was still receiving Social Security benefits—these errors, neither individually nor cumulatively, amounted to an abuse of discretion. *See Salomaa v. Honda Long*

2

*Term Disability Plan*, 642 F.3d 666, 676 (9th Cir. 2011) (holding that abuse of discretion exists only when "we are left with a definite and firm conviction that a mistake has been committed" (internal quotation marks omitted)). Kludka has failed to identify any documents he could have introduced that would have perfected his claim.

Furthermore, the district court did not err in failing to consider Kludka's extrinsic evidence of QDS's alleged conflict of interest. "Judicial review of an ERISA plan administrator's decision on the merits is limited to the administrative record. . . ." *Montour v. Hartford Life & Acc. Ins. Co.*, 588 F.3d 623, 632 (9th Cir. 2009). Kludka relies on *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955 (9th Cir. 2006) (en banc), for the proposition that appellate courts can supplement the administrative record, but there we found flagrant procedural abuses that are not present here. *See id.* 972–73. Accordingly, excluding such evidence was not an abuse of discretion. *See Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) (holding that abuse of discretion exists only where "evidentiary ruling was manifestly erroneous *and* prejudicial").

**AFFIRMED.**